IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KARL ARKADIE<br><br>　　　Plaintiff,<br>　v.<br><br>OCCIDENTAL PETROLEUM<br>CORP. AND THIRD COAST<br>INFRASTRUCTURE, LLC<br><br>　　　Defendants. | CIVIL ACTION NO.: 4:24-CV-1011 |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Karl Arkadie (hereinafter, "Plaintiff" or "Arkadie"), complains of Defendants Occidental Petroleum Corp. d/b/a Oxy, (hereinafter, "Defendant"), and would respectfully show the Court that:

## PARTIES

1.　Karl Arkadie is a citizen of the State of Texas who currently resides in Corpus Christi, Nueces County, Texas. The last four digits of Mr. Arkadie's social security number are 6188.

2.　Defendant Occidental Petroleum Corporation ("Occidental") is a Delaware corporation whose principal place of business is located in Houston, Harris County, Texas. Defendant Occidental may be served with process by serving its

registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3. Defendant Third Coast Infrastructure, LLC ("Third Coast") is a Delaware corporation whose principal place of business is located in Houston, Harris County, Texas. Defendant Third Coast may be served with process by serving its registered agent, Cogency Global Inc., at 1601 Elm Street Suite 4360, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper under the Outer Continental Shelf Lands Act ("OCSLA") set forth in 43 U.S.C. §29.

5. Defendant Occidental is subject to the personal jurisdiction of the Court through its substantial contacts with the State of Texas, and due to its nerve center being located in Houston, Harris County, Texas.

6. Defendant Third Coast is subject to the personal jurisdiction of the Court through its substantial contacts with the State of Texas, and due to its nerve center being located in Houston, Harris County, Texas.

## NATURE OF THE CASE

7. This is an action for monetary damages brought pursuant to OCSLA for personal injuries sustained by Plaintiff Arkadie on June 24, 2022.

8. This case concerns safety violations that caused the ignition of atmospheric hydrocarbons on an offshore rig leased and/or operated by Defendant Occidental and/or Defendant Third Coast.

9. The ignition of atmospheric hydrocarbons caused a blast injury to the Plaintiff while he was working on the rig in the course and scope of his employment for Gulf Island Fabrication, which is not a party to this lawsuit.

10. Immediately preceding the blast that caused the Plaintiff's injuries, employees of Occidental advised that there was no atmospheric gas, that it was safe to work, and to return to work.

11. Furthermore, Defendant Gulf Island was responsible for shutting down the gas skid and cutting off the flare igniter. The failure of these processes led to the ignition and blast that injured the Plaintiff.

12. OCSLA holds the lessee or operator of an offshore oil or gas lease responsible for activities conducted on the leased area, including liability for damages resulting from spills, accidents, or other incidents related to exploration, drilling, production, or transportation of oil and gas.

13. Under OCSLA, Defendant Occidental and/or Defendant Third Coast as lessees and/or operators of the offshore rig are responsible for damages caused by this accident.

14. Plaintiff, a twenty-seven year old man at the time of his injuries, was knocked to the ground by the blast, injuring his lower back and neck.

15. Plaintiff also sustained exposure injuries due to inhalation of toxic gas, chemicals, rust and debris released into the atmosphere by the Defendants' negligence.

16. As a result of the Plaintiff's fall, he suffered from a blow to the head that has caused him to suffer from memory loss, speech difficulties, headaches, and sensitivity to light.

17. Accordingly, Plaintiff seeks monetary damages in recovery from injuries sustained in this incident.

## FACTUAL ALLEGATIONS

18. At all times material hereto, Plaintiff was an employee of Gulf Island Fabrication, which is not a party to this lawsuit.

19. On or about June 24, 2022, while in the course and scope of his employment with Gulf Island Fabrication, which is not a party to this lawsuit, Arkadie was working on an offshore rig off of the coast of Louisiana.

20. The offshore rig on which the Plaintiff was working, upon information and belief, was leased by Defendant Occidental and operated by Defendant Occidental and Defendant Third Coast.

21. Notes taken during the post-incident investigation revealed the following timeline.

22. At approximately 6:00 A.M. on June 24, 2022, the Job Safety Analysis and Permits were reviewed and signed on the rig.

23. At approximately 7:30 A.M., Third Coast employees performed lockout-tagout on their part of the project.

24. At approximately 10:15 A.M., the flare igniter was cut off.

25. At approximately 10:30 A.M., the Third Coast fuel gas skid lockout-tagout occurred and the gas skid was turned off, with the project continuing to run on diesel fuel thereafter.

26. At approximately 10:30 A.M., Cody White, operator for Defendant Occidental, claimed to have verified that the flare was shut down.

27. At approximately 11:00 A.M., Cody White checked the bleed valves prior to returning to lunch. Reportedly, no gas leaked occurred during checks.

28. At approximately 11:00 A.M., a Gulf Island Fabricators tailgate meeting occurred to review the job for breaking containment and dropping in a piece of equipment called a "skillet".

29. At approximately 11:30 A.M., two Gulf Island Fabricators riggers installed the skillet on 14" of incoming receiver, but was unable to tighten the bolts

to completion. The skillet was too big and did not fit on the 12" export to the scrubber line.

30. One of the riggers from the 14" install came to get measurements off of the gasket.

31. At or near this time, Occidental advised that it was safe to work on the project and that there were no ambient hydrocarbons.

32. At approximately 12:15 P.M., all riggers heard two rumbling noises in the pipe at the top where the 12" export was open.

33. Within five minutes, a loud block back with gray white smoke followed by black shoot surrounding the area open around the 12" pipe.

34. Two individuals, including the Plaintiff, reported to the medic with injuries at approximately 12:30 P.M.

35. Plaintiff sustained serious and permanent injuries. The Plaintiff was life flighted from the rig to the University of New Orleans Medical Center, where he waited for treatment for an extended period of time before he was transferred to Ascent Medical Center.

36. Plaintiff subsequently underwent treatment for exposure injuries related to his inhalation of toxic chemicals.

37. Plaintiff continues to suffer from orthopedic injuries to his spine.

38. Plaintiff began to experience headaches, light sensitivity, and memory and verbal difficulties as a result of a blow to his head that he sustained in the blast. Plaintiff continues to suffer from these injuries, which have worsened since the date of the injury.

## COUNT I
## (Negligence)

39. The preceding paragraphs are incorporated as if set forth fully in this Count I.

40. This case sounds in negligence because the Defendants were conducting active operations on the premises.

41. Specifically, Defendants:

- Failed to create and/or enforce safety rules and guidelines;
- Contributed to, caused, and/or failed to correct an unsafe work site;
- Failed to recognize and remediate hazards;
- Participated in and contributed to acts that caused the blast and incident in question;
- Failed to timely provide assistance to workers and/or to ensure that adequate safeguards and protections were in place;
- Failed to warn of a known hazard;
- Failed to make reasonable tests and inspections that would have resulted in identification of the hazard prior to the blast;
- Failed to read, understand, and follow published safe work policies and procedures;
- Adhered to unsafe work policies and procedures;

- Failed to provide adequate protective equipment;
- Negligently hired and retained employees and/or contractors;
- Negligently supervised and/or trained employees and/or contractors;
- Failed to institute precautionary measures to protect individuals working on the premises and work site;
- Failed to use proper equipment; and
- Failed to maintain a safe work environment for contractors.
- Negligently conducted active operations on the premises;

42. Each of these acts or omissions, individually and/or in combination, proximately caused the Plaintiffs' injuries. Moreover, such acts and omissions constitute negligence.

43. Plaintiff hereby claims all damages available at law for the injuries caused by the negligence of the Defendants, jointly and severally.

## DAMAGES

44. The preceding paragraphs are incorporated as if restated fully in this Section.

45. For the foregoing counts of negligence, Plaintiff pleads a right to recover the following elements of damages:

   a. Medical costs incurred in the past;
   b. Medical costs that, in reasonable probability, Plaintiff will incur in the future;

  c. Pain, suffering, and mental anguish suffered in the past;

  d. Pain, suffering, and mental anguish and that, in reasonable probability, Plaintiff will suffer in the future;

  e. Physical impairment suffered in the past;

  f. Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;

  g. Wage loss suffered in the past; and

  h. Loss of earning capacity that, in reasonable probability, Plaintiff will suffer in the future.

46. Plaintiff has incurred substantial medical costs to date. Upon information and belief, Plaintiff's future medical costs will exceed $500,000.00.

47. Plaintiff was forced to change jobs as a result of his injuries and experience. Plaintiff's earning capacity is diminished as a result of his injuries.

48. The amounts of damages for pain and suffering, mental anguish, and impairment will be assessed by the trier of fact.

49. Hence, Plaintiff seeks monetary relief in the amount of no less than $3,000,000.00.

## **PRAYER FOR RELIEF**

Accordingly, Plaintiff requests a trial by jury and a judgment determining that:

  i. Defendants' negligence proximately caused the injury in question;

ii. Damages in the amount of $3,000,000.00 or more;

iii. Pre-judgment interest;

iv. Taxable costs of court; and

v. Any other relief as the Court may deem just and proper.

Respectfully submitted,

DASPIT LAW FIRM

*/s/ Kiernan McAlpine*
Kiernan McAlpine
ATTORNEY-IN-CHARGE
State Bar Number: 24058519
Fed. Bar Number: 1132611
DASPIT LAW FIRM, PLLC
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Phone: (713) 322-4878
Fax No.: (713) 587-9086

***ATTORNEYS FOR PLAINTIFF***